# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**Case No. 3:26-CV-00083**

**TRIBE EXPRESS, INC.**
2251 Jesse Jewell Parkway NE
Gainesville, GA 30507

and

**TRIBE LEASING LLC d/b/a**
**CHEROKEE NATIONAL**
2251 Jesse Jewell Parkway NE
Gainesville, GA 30507

and

**TOMAHAWK TRUCK SALES LLC**
2251 Jesse Jewell Parkway NE
Gainesville, GA 30507

       **Plaintiffs,**

   **v.**

**INGRAM'S TOWING SERVICES, INC**
4200 Sunset Road
Charlotte, NC  28216

       **Defendant.**

## COMPLAINT FOR REPLEVIN AND OTHER RELIEF

Plaintiffs, Tribe Express, Inc. ("Tribe Express"), Tribe Leasing LLC d/b/a Cherokee National ("Cherokee National"), and Tomahawk Truck Sales LLC ("Tomahawk"), by and through their undersigned counsel, file this Complaint against Defendant Ingram's Towing Services, Inc ("Defendant"), stating as follows:

## THE PARTIES

1. Tribe Express is a corporation formed under the laws of the State of Georgia with its principal place of business located in Georgia.

2. Tribe Express is a transportation logistics company and properly licensed and authorized by the Federal Motor Carrier Safety Administration to provide transportation services in interstate commerce for its customers throughout the United States.

3. Cherokee National is limited liability company organized under the laws of the State of Georgia with its principal place of business located in Georgia.

4. Cherokee National is a single member limited liability company, whose sole member is a resident of Georgia.

5. Cherokee National is a transportation logistics company and properly licensed and authorized by the Federal Motor Carrier Safety Administration to provide transportation services in interstate commerce for its customers throughout the United States.

6. Tomahawk is a limited liability company organized under the laws of the State of Georgia with its principal place of business located in Georgia.

7. Tomahawk is a single member limited liability company, whose sole member is a resident of Georgia.

8. Tomahawk is in the business of selling and/or leasing commercial motor vehicles.

9. Defendant is a corporation formed under the laws of the State of North Carolina with its principal place of business located at 4200 Sunset Road, Charlotte, North Carolina 28216.

10. Defendant is an automobile towing company that at all times material to this action provided automobile towing services affecting both interstate and intrastate commerce in the State of North Carolina.

2

**JURISDICTION AND VENUE**

11.     This Court has in personam jurisdiction over the Defendant as well as jurisdiction over the subject matter of this litigation, pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the case took place in Charlotte, North Carolina.

**FACTS COMMON TO ALL COUNTS**

13.     At all times pertinent, Tribe Express was the registered owner of a 2021 Great Dane trailer, VIN 1GR1A062XME231156 (the "Trailer"). *See* registration attached and incorporated as **Exhibit A**.

14.     At all times pertinent Tomahawk was the registered owner of a 2022 Kenworth tractor, VIN 1XKYDP9X1NJ134831 (the "Tractor"). *See* Cab Card attached and incorporated as **Exhibit B**.

15.     At all times pertinent Cherokee National was the registered lessee of the Tractor. *See* **Exhibit B.**

16.     At all times pertinent, Cherokee National and/or Tomahawk had the sole right to possession of the Tractor through a valid lease agreement and ownership respectively.

17.     At all times pertinent, Cherokee National and/or Tribe Express had the sole right to possession of the Trailer through a valid lease agreement and ownership respectively.

18.     On December 28, 2025, a driver operating the Tractor and hauling the Trailer under Cherokee National's operating authority in Charlotte, North Carolina was required to take a mandatory rest break pursuant to the Federal Motor Carrier Safety Regulations.

3

19. The driver therefore parked the Tractor and Trailer at or near 1429-1479 West Pointe Drive, Charlotte, North Carolina 28214. After parking the Tractor and Trailer, the driver remained in the Tractor.

20. While the Tractor and Trailer were parked, with the driver in the Tractor, Defendant immobilized the Tractor and proceeded to tow the Tractor and Trailer with the driver inside.

21. Defendant did not have authority from any person or entity to tow the Tractor and/or Trailer.

22. Defendant improperly immobilized the Tractor and Trailer for purposes of towing same over the driver's objection.

23. Defendant towed the Tractor and Trailer, with Cherokee National's driver inside, to Defendant's storage lot located at 4200 Sunset Road, Charlotte, North Carolina 28216.

24. After illegally towing the Tractor and Trailer, Defendant issued an invoice to Tribe Express, Cherokee National, and Tomahawk in the amount of $8,800.00 (the "Invoice").

25. In addition to the impropriety of the tow, the charges set forth in the Invoice, on its face, are excessive, unreasonable, and inflated.

26. Tribe Express, Cherokee National, and Tomahawk objected to the Invoice, objected to Defendant's improper towing of the equipment, and demanded that Defendant immediately release the Tractor and Trailer.

27. Defendant refused to release the Tractor and Trailer unless and until Tribe Express, Cherokee National, and/or Tomahawk paid the Invoice for the improper tow in full.

28. Defendant is assessing daily storage charges for each day the Tractor and Trailer are in Defendant's possession.

4

29. Defendant's continued retention of the Tractor and Trailer is intentional, without justification, constitutes a conversion of Tribe Express, Cherokee National, and Tomahawk's property, and is intended to cause harm to Tribe Express, Cherokee National, and Tomahawk in their lawful business.

30. Defendant has no possessory right in or to the Tractor or the Trailer.

31. During the time that Defendant has wrongfully retained the Tractor and Trailer, Tribe Express, Cherokee National, and Tomahawk have suffered economic damages in the form of loss of use, lost profits, and lost revenue, as Tribe Express, Cherokee National, and Tomahawk have been deprived of the ability to generate revenue through operation of the Tractor and Trailer in their respective businesses. Tribe Express, Cherokee National, and Tomahawk will continue to incur damages for loss of use, lost profits, and lost revenue into the future until the time that Defendant returns the Tractor and Trailer.

32. Tribe Express, Cherokee National, and Tomahawk have also incurred attorney's fees, costs, and expenses associated with Defendant's wrongful conduct and will continue to incur attorney's fees, costs, and expenses associated with Defendant's wrongful conduct into the future.

### COUNT I – REPLEVIN

33. Tribe Express, Cherokee National, and Tomahawk incorporate paragraphs 1-32 of the Complaint as if fully set forth herein.

34. Tribe Express has absolute ownership and the right to possess the Trailer. *See* **Exhibit A**.

35. Tomahawk has absolute ownership and right to possess the Tractor. *See* **Exhibit B**.

36. Cherokee National is the registered motor carrier for the Tractor and has the right to possess the Tractor. *See* **Exhibit B.**

5

37. Cherokee National has a right to possess the Trailer through a valid agreement with Tribe Express.

38. After multiple and repeated demands for the return of the Tractor and Trailer, Defendant has failed and refused to return them to Tribe Express, Cherokee National, and Tomahawk.

39. Upon information and belief, the Tractor and Trailer remain in the possession of Defendant, despite Defendant having no legal right to possess them.

40. Tribe Express, Cherokee National, and Tomahawk are entitled to possession and recovery of the Tractor and Trailer.

41. The Tractor is valued at approximately $65.000.00.

42. The Trailer is valued at approximately $60,000.00.

43. Tribe Express, Cherokee National, and Tomahawk have been damaged by Defendant's wrongful refusal to transfer possession and return the Tractor and Trailer to them.

**WHEREFORE**, for the foregoing reasons, Plaintiffs Tribe Express, Cherokee National, and Tomahawk respectfully request this Honorable Court schedule a hearing with prior notice to Defendant to determine whether a writ of replevin should be issued for immediate seizure and delivery of the property to Tribe Express, Cherokee National, and Tomahawk, and demand judgment against Defendant for damages for Defendant's continued detention of the property in excess of Seventy-Five Thousand Dollars ($75,000.00), plus attorneys' fees, interest, and costs.

## <u>COUNT II – CONVERSION</u>

44. Tribe Express, Cherokee National, and Tomahawk incorporate paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     At the time of Tribe Express, Cherokee National, and Tomahawk's requests to Defendant to release the Tractor and Trailer, Tribe Express, Cherokee National, and Tomahawk had sole right to possess and exercise control over the Tractor and Trailer.

46.     Despite requests for the return of the Tractor and Trailer, and with the knowledge that Defendant is not permitted to continue its retention of the Tractor and Trailer, Defendant continues to exercise improper dominion and control over the Tractor and Trailer.

47.     Defendant's continued detention of the Tractor and Trailer is inconsistent with Tribe Express, Cherokee National, and Tomahawk's interests in, and possessory rights to, the Tractor and Trailer.

48.     As a result of Defendant's actions, Tribe Express, Cherokee National, and Tomahawk have suffered and will continue to suffer substantial harm and damages, including but not limited to, lost revenue, lost profits, loss of use of their property, attorneys' fees, and other damages.

**WHEREFORE**, Plaintiffs Tribe Express, Cherokee National, and Tomahawk demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) for Defendant's unlawful conversion of Plaintiffs Tribe Express, Cherokee National, and Tomahawk's equipment, including compensatory damages, fair compensation for the time and money properly expended in pursuit of the property, punitive damages, plus all costs, attorneys' fees, and expenses of this action.

## COUNT III- VIOLATION OF N.C.G.S.A. § 20-219.3A

49.     Tribe Express, Cherokee National, and Tomahawk incorporate paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     North Carolina General Statute, Section 20-219.3A states "[a] commercial motor

7

vehicle shall not be immobilized using a device such as a boot or any other device for the purposes of parking enforcement."

51. The statute was in effect at the time of the events giving rise to this Complaint.

52. The purpose of the statute was to prevent predatory towing practices by towing companies such as Defendant with respect to commercial vehicles.

53. Tribe Express, Cherokee National, Tomahawk, and their property, were intended to be protected by the statute, as it was intended to protect their commercial vehicles from being immobilized and improperly towed.

54. Defendant immobilized the Tractor and Trailer using tools for the purposes of parking enforcement and towing the equipment to Defendant's lot.

55. Defendant's actions in immobilizing the Tractor and Trailer and towing them, with the driver inside, for purposes of parking enforcement violates the statute.

56. Tribe Express, Cherokee National, and Tomahawk have suffered damages as a result of Defendant's violation of the statute, including, but not limited to, lost revenue, lost profits, loss of use of their property, attorneys' fees, and other damages.

**WHEREFORE**, Plaintiffs Tribe Express, Cherokee National, and Tomahawk demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) for Defendant's violation of the statute, including compensatory damages, fair compensation for the time and money properly expended in pursuit of the property, punitive damages, plus all costs, attorneys' fees, and expenses of this action.

## COUNT IV- CIVIL THEFT- N.C.G.S.A. § 1-538.2

57. Tribe Express, Cherokee National, and Tomahawk incorporate paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. North Carolina General Statute, Section 1-538.2(a) states "[a]ny person, other than an unemancipated minor, who commits an act that is punishable under G.S. 14-72, 14-72.1, 14-72.11, 14-72.12, 14-74, 14-86.6, 14-86.7, 14-90, or 14-100 is liable for civil damages to the owner of the property."

59. Defendant's theft and ongoing possession of the Tractor and Trailer, which are each valued at more than $1,000.00, violates N.C.G.S. § 14-72.

60. Defendant obtained the Tractor and Trailer, which collectively have value of over $100,000, under false pretenses and with the intent to defraud Plaintiffs of their property in violation of N.C.G.S. § 14-100.

61. Tribe Express, Cherokee National, and Tomahawk have suffered damages as a result of Defendant's violation of the statute, including, but not limited to, lost revenue, lost profits, loss of use of their property, attorneys' fees, and other damages.

**WHEREFORE**, Plaintiffs Tribe Express, Cherokee National, and Tomahawk demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) for Defendant's violation of the statute, including compensatory damages, fair compensation for the time and money properly expended in pursuit of the property, consequential damages, and punitive damages, plus all costs, attorneys' fees, and expenses of this action.

<u>**COUNT V- UNFAIR AND DECEPTIVE TRADE PRACTICES**</u>

62. Tribe Express, Cherokee National, and Tomahawk incorporate paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. North Carolina General Statute, Section 75 *et. seq.* states, in pertinent part, "…unfair or deceptive acts or practices in or affecting commerce, are declared unlawful".

9

64. North Carolina General Statute, Section 75-16 provides a corporation with a cause of action for damages resulting from unfair and deceptive trade practices.

65. Defendant engaged in unfair and/or deceptive trade practices when Defendant towed the Tractor and Trailer with the driver still inside in violation of North Carolina General Statute, Section 20-219.3A.

66. Defendant's action in towing the Tractor and Trailer was in and affected interstate commerce.

67. Tribe Express, Cherokee National, and Tomahawk have suffered damages as a result of Defendant's unfair and deceptive trade practices, including, but not limited to, lost revenue, lost profits, loss of use of their property, attorneys' fees, and other damages.

**WHEREFORE**, Plaintiffs Tribe Express, Cherokee National, and Tomahawk demand judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) for Defendant's violation of the statute, including compensatory damages, fair compensation for the time and money properly expended in pursuit of the property, consequential damages, treble damages, and punitive damages, plus all costs, attorneys' fees, and expenses of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tribe Express, Cherokee National, and Tomahawk demand judgment in their favor and against Defendant Ingram's Towing Services, Inc. as follows:

A. A judgment in favor of Plaintiffs Tribe Express, Cherokee National, and Tomahawk awarding compensatory, exemplary, treble, and punitive damages in an amount to be proven at trial;

B. Award Plaintiffs Tribe Express, Cherokee National, and Tomahawk its reasonable attorneys' fees, costs, and expenses as allowed by law; and

10

C.  Award Plaintiffs Tribe Express, Cherokee National, and Tomahawk such other and further relief as this Court deems just and proper.

This 29th day of January, 2026.

/s/ *Cassie R. Zietlow*
Cassie R. Zietlow
N.C. State Bar No. 61189
PARKER POE ADAMS & BERNSTEIN LLP
620 S. Tryon St., Suite 800
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile:  704.334.4706
cassiezietlow@parkerpoe.com

Renee L. Bowen, Esq. (*pro hac vice forthcoming*)
Bowen Law, LLC
100 West Road, Suite 300
Towson, Maryland 2124
 (410) 357-6580
rbowen@bowenlawllc.com

*Attorneys for Plaintiffs Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LL*