| | |
|---|---|
| TRIBE EXPRESS, INC. ) | |
| ) | |
| and ) | |
| ) | |
| TRIBE LEASING LLC, d/b/a CHEROKEE ) | |
| NATIONAL ) | **MOTION TO DISMISS, VERIFIED** |
| ) | **ANSWER, AFFIRMATIVE DEFENSES** |
| and ) | **and COUNTERCLAIMS** |
| ) | |
| TOMAHAWK TRUCK SALES, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| INGRAM'S TOWING SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Now Comes the Defendant, INGRAM'S TOWING SERVICES, INC., ("Defendant"), by

and through the undersigned counsel, Carol L. Austin of C. L. Austin Law, PLLC, responding to

Plaintiffs, TRIBE EXPRESS, INC., TRIBE LEASING LLC, d/b/a CHEROKEE NATIONAL

and TOMAHAWK TRUCK SALES, LLC's ("Plaintiffs') Complaint as follows:

## MOTION TO DISMISS

Pursuant to the provisions of Rule 12(b)(1) (lack of subject matter jurisdiction) of the

Federal Rules of Civil Procedure, the Defendant moves the Court to dismiss the Complaint.

## MOTION TO DISMISS

Pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the

Defendant moves the Court to dismiss the Complaint with prejudice for failure to state a claim for

which relief can be granted.

## THE PARTIES

1.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 4 of Plaintiffs' Complaint and therefore denies same.

5.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 5 of Plaintiffs' Complaint and therefore denies same.

6.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 6 of Plaintiffs' Complaint and therefore denies same.

7.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 7 of Plaintiffs' Complaint and therefore denies same.

8.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 8 of Plaintiffs' Complaint and therefore denies same.

9.  Defendant admits the allegations set forth in paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits that it is an automobile towing company.  The remaining allegations set forth in paragraph 10 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

<u>**JURISDICTION AND VENUE**</u>

11.  The allegations of Paragraph 11 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

12. The allegations of Paragraph 12 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

<u>**FACTS COMMON TO ALL COUNTS**</u>

13.  Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 13 of Plaintiffs' Complaint and therefore denies same.

14. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 14 of Plaintiffs' Complaint and therefore denies same.

15. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 15 of Plaintiffs' Complaint and therefore denies same.

16. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 16 of Plaintiffs' Complaint and therefore denies same.  Moreover, the allegations set forth in paragraph 16 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

17. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 17 of Plaintiffs' Complaint and therefore denies same.  Moreover, the allegations set forth in paragraph 17 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

18. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 18 of Plaintiffs' Complaint and therefore denies same.

19.  Defendant admits the allegations set forth in paragraph 19 of Plaintiffs' Complaint. More specifically, Plaintiffs' driver illegally parked the Tractor-trailer on West Pointe Drive,

located in Charlotte, North Carolina ("real property"), which is private property, and designated as a no parking tow-away zone. <u>See Exhibit A attached hereto and incorporated herein by reference.</u>

20. To the extent the allegations of paragraph 20 of Plaintiffs' Complaint, including but not limited to the use of the term "immobilization" attempt to establish a violation of N.C.G.S. §20-219.3A, the allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. It is admitted the Defendant towed the Plaintiffs' tractor-trailer, which was the result of Plaintiffs' driver illegally parking in a no-parking, tow-away zone. Further, the driver was uncooperative, and refused to leave the tractor-trailer even after Charlotte Mecklenburg Police Department ("CMPD") advised the driver that he was trespassing and needed to leave the premises. Following the driver's repeated refusals to comply with CMPD, and pursuant to N.C.G.S. §20-219.2, Defendant towed the tractor-trailer with the driver remaining inside.

21. The allegations of paragraph 21 of Plaintiffs' Complaint are denied. More specifically, Defendant has a contractual agreement with the owner of the real property to tow illegally parked vehicles from the real property, including Plaintiffs' tractor-trailer. Moreover, Defendant regularly works with CMPD to remove illegally parked vehicles from the real property, including Plaintiffs' tractor-trailer on December 28, 2025.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits the allegations set forth in paragraph 23 of Plaintiffs' Complaint. More specifically, after multiple warnings to the driver of Plaintiffs' tractor-trailer, and with the assistance of the CMPD, Defendant towed Plaintiffs' illegally parked tractor-trailer.

24. The portion of Plaintiffs' allegations characterizing the tow as "illegal" states a legal conclusion to which no response is required. To the extent a response is required, the allegations

are denied.  Defendant admits the issuance of an invoice to Plaintiffs in the amount of $8,800.00, which is a customary and market-rate fee for the labor and use of machinery required to tow a heavy-duty tractor-trailer.

25.   Defendant denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.   Defendant admits that Plaintiffs demanded release of the tractor-trailer.  Any remaining allegations set forth in paragraph 26 of Plaintiffs' Complaint are denied.

27.  Defendant admits that it requested Plaintiffs to pay the invoice and that following Plaintiffs refusal to pay the invoice, Defendant retained possession of the tractor-trailer, a prerequisite to enforcement of its possessory lien. Any remaining allegations set forth in paragraph 27 of Plaintiffs' Complaint are denied.

28.   Defendant admits the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

29.  The allegations in paragraph 29 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

30.  Defendant denies the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31.  The allegations in paragraph 31 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

32.  The allegations in paragraph 32 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

<u>**COUNT 1 – REPLEVIN**</u>

33.  The allegations contained in paragraphs 1 - 32 herein are re realleged and incorporated by reference.

34.  The allegations in paragraph 34 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

35.  The allegations in paragraph 35 of Plaintiffs' Complaint state a legal conclusion to which

no response is required. To the extent a response is required, the allegations are denied.

36. The allegations in paragraph 36 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

37. Defendant is without sufficient information to form a belief as to the truth of the matters alleged in paragraph 37 of Plaintiffs' Complaint and therefore denies same. Notwithstanding, Defendant expressly denies that Cherokee National has a present right to possession of the trailer as Defendants' valid and enforceable possessory lien has priority over any right to possession that Cherokee National might otherwise have.

38. Defendant admits the allegations set forth in paragraph 38 of Plaintiffs' Complaint. More specifically, Plaintiffs have failed and refused to pay the invoice amount due to Defendant as a result of the towing and storage of the tractor-trailer.

39. Defendant admits that it has possession of the tractor-trailer. The remaining allegations set forth in paragraph 39 of Plaintiffs' Complaint are denied.

40. Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations set forth in paragraph 43 (including all subparts) of Plaintiffs' Complaint.

## COUNT II - CONVERSION

44. The allegations contained in paragraphs 1 - 43 herein are realleged and incorporated herein by reference.

45. Defendant denies the allegations set forth in paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48. Defendant denies the allegations set forth in paragraph 48 (including all subparts) of Plaintiffs' Complaint.

### COUNT III – VIOLATION OF N.C.G.S.A. § 20-219.3A

49. The allegations contained in paragraphs 1 - 48 herein are realleged and incorporated herein by reference.

50. The allegations in paragraph 50 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

51. Defendant admits the allegations set forth in paragraph 51 of Plaintiffs' Complaint, but expressly denies that said statute has any application to the instant case.

52. Defendant denies the allegations set forth in paragraph 52 of Plaintiffs' Complaint. More specifically, the statute is not intended to provide a safe harbor to trucking companies and their drivers (such as Plaintiffs) to knowingly and illegally park on private property designated as a no-parking, tow away zone. Using Plaintiffs' overly broad and expansive interpretation of the statute creates the absurd and unintended result of rewarding knowing and intentional illegal parking of commercial vehicles (and hence violations of existing North Carolina law), which has been a pervasive issue on the subject real property (and in other areas of Charlotte), is dangerous to the public, invades the rights of private property owners, and is the precise reason why Defendant has been working with CMPD to tow illegally parked vehicles such as Plaintiffs' tractor-trailer.

53. Defendant denies the allegations set forth in paragraph 53 of the Plaintiffs' Complaint. More specifically, the statute was not enacted to protect and promote illegal and unlawful parking of commercial vehicles such as Plaintiffs.

54. Defendant denies the allegations set forth in paragraph 54 of the Plaintiffs' Complaint. More specifically, Defendant towed Plaintiffs' tractor trailer pursuant to N.C.G.S. 20-219.2.

55. Defendant denies the allegations set forth in paragraph 55 of the Plaintiffs' Complaint.

56. Defendant denies the allegations set forth in paragraph 56 (including all subparts) of Plaintiffs' Complaint.

**COUNT IV – CIVIL THEFT – N.C.G.S.A. § 1-538.2**

57. The allegations contained in paragraphs 1 - 56 herein are realleged and incorporated herein by reference.

58. The allegations in paragraph 58 of Plaintiffs' Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

59. Defendant denies the allegations set forth in paragraph 59 of Plaintiffs' Complaint. More specifically, N.C.G.S. § 14-72 is a statute enacted to criminalize larceny of property, receiving stolen goods or possessing stolen goods, which has absolutely no application to the facts of this case wherein Defendant lawfully towed Plaintiffs' tractor-trailer from a no-parking tow-away zone and is storing said tractor-trailer pursuant to a valid and legally enforceable possessory lien.

60. Defendant denies the allegations set forth in paragraph 60 of Plaintiffs' Complaint. More specifically, N.C.G.S. § 14-100 is a statute enacted to criminalize obtaining property by false pretenses, which has absolutely no application to the facts of this case wherein Defendant lawfully towed Plaintiffs' tractor-trailer from a no-parking tow-away zone and is storing said tractor-trailer pursuant to a valid and legally enforceable possessory lien.

61. Defendant denies the allegations set forth in paragraph 61 (and all subparts) of Plaintiffs' Complaint.

**COUNT V – UNFAIR AND DECEPTIVE TRADE PRACTICES**

62. The allegations contained in paragraphs 1 - 61 herein are realleged and incorporated herein by reference.

63.  The allegations in paragraph 63 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

64.  The allegations in paragraph 64 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

65.  The allegations in paragraph 65 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

66.  The allegations in paragraph 66 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

67.  Defendant denies the allegations set forth in paragraph 67 (including all subparts) of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

68. Without assuming the burden of proof, where such burden of proof properly rests with Plaintiffs, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

69.   The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

70.   Plaintiffs fail to meet the "amount in controversy" requirement for federal diversity jurisdiction, and thus the Complaint should be dismissed with prejudice due to this Court's lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

### Superseding and Intervening Acts of Others

71. Whatever damages, if any, that may have been sustained by Plaintiffs in this action, which are expressly denied, were the result of, were due solely to, caused solely by, or were the direct and proximate result of the intervening, superseding, and unforeseeable acts of Plaintiffs, their agents, representatives, and/or others, over whom Defendant had no control, so as to bar Plaintiffs' claims against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Waiver

72. Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### Compliance with N.C.G.S. §20-219.2

73. Defendant operates as a towing company and maintains a contract with the owner of the subject real property for the removal of illegally parked vehicles.

74. Pursuant to N.C.G.S. §20-219.2, the subject real property, which includes the area where the tractor-trailer was illegally parked, displays numerous signs designating the area as a no-parking, tow-away zone and identifying Defendant by name and phone number as the designated towing company for the removal of illegally parked vehicles.

75. N.C.G.S. §20-219.2 provides that "any person who removes a vehicle pursuant to this section shall not be held liable for damages for the removal of the vehicle to the owner, lienholder or other person legally entitled to the possession of the vehicle removed".

76. Defendant towed Plaintiffs' tractor trailer pursuant to N.C.G.S. §20-219.2 and has otherwise complied with applicable law in towing and storing the tractor-trailer.

77. N.C.G.S. §20-219.2 operates as a complete bar to Plaintiffs' claims warranting a dismissal of the Complaint with prejudice.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff, by and through the undersigned counsel, for its Counterclaim against Plaintiffs and Counterclaim Defendants alleges as follows:

## JURISDICTION

78. The allegations contained in paragraphs 1 - 77 herein are realleged and incorporated by reference.

79. Defendant and Counterclaim Plaintiff Ingrams Towing Services, Inc. ("Ingrams" or "Counterclaim Plaintiff") is a North Carolina corporation with a principal place of business located at 4200 Sunset Road, Charlotte, North Carolina 28216 and provides towing services predominantly in the area of Charlotte, North Carolina and surrounding.

80. Upon information and belief, Plaintiff and Counterclaim Defendant, Tribe Express, Inc. ("Tribe Express" collectively "Counterclaim Defendants") is a Georgia corporation with a principal place of business located in Georgia, and operates as transportation logistics company.

81. Upon information and belief, Cherokee National, LLC ("Cherokee National" collectively "Counterclaim Defendants") is a Georgia limited liability company with a principal place of business located in Georgia, and operates as a transportation logistics company.

82. Upon information and belief, Tomahawk, LLC ("Tomahawk" collectively "Counterclaim Defendants") is a Georgia limited liability company with a principal place of business located in Georgia and is in the business of selling and / or leasing commercial motor vehicles.

## JURISDICTION

83. The allegations contained in paragraphs 1 - 82 herein are realleged and incorporated by reference.

84. The jurisdiction of this Court is founded under diversity of citizenship of the parties pursuant to 28 USC §1332, as Ingrams is domiciled in the State of North Carolina and

Counterclaim Defendants are domiciled in the State of Georgia. Defendant's Counterclaim ("the matter in controversy") exceeds, exclusive of interest and costs, the sum of $75,000.00.

85. Venue is proper pursuant to 28 USC §1391(b) at the events giving rise to the cause of action asserted herein occurred in this federal district.

## FACTS

86. The allegations contained in paragraphs 1 - 85 herein are realleged and incorporated by reference.

87. Upon information and belief, Tribe Express is the registered owner of a 2021 Great Dane trailer, further identified by Vin #: 1GR1A062XME231156 ("tractor" collectively "tractor-trailer").

88. Upon information and belief, Tomahawk is the registered owner of a 2022 Kenworth tractor, further identified by Vin #: 1XKYDP9X1NJ134831 ("trailer" collectively "tractor-trailer").

89. Upon information and belief, Cherokee National leases the tractor from Tomahawk.

90. On December 28, 2025, a driver operating the tractor-trailer as an employee and / or agent of one or more of the Counterclaim Defendants illegally parked the tractor-trailer on West Pointe Drive, located in Charlotte, North Carolina ("real property").

91. The area that the tractor-trailer parked is private property and is clearly designated by signage as a no-parking, tow-away zone pursuant to N.C.G.S. §20-219.2. See Exhibit A attached hereto and incorporated herein by reference.

92. Despite numerous signs designating the real property as a no-parking, tow-away zone, the driver opted to ignore the signage and park the tractor-trailer in violation of N.C.G.S. § 20-219.2.

93. For all relevant times herein, Ingrams has maintained a contract with the owner of the subject real property to tow and store vehicles that illegally park on the subject real property, including the tractor-trailer owned / leased by Counterclaim Defendants.

94. The driver for Counterclaim Defendants refused to cooperate with Ingrams and the CMPD, even after being advised that he was trespassing and needed to exit the tractor-trailer. The driver refused to comply with the demands of CMPD citing the newly enacted N.C.G.S. §20-219.3A for the proposition that the no-parking, tow-away zone (and hence N.C.G.S. §20-219.2) could be ignored and that the new law prevented Ingrams from towing the vehicle.

95. On December 28, 2025, Ingrams, pursuant to N.C.G.S. §20-219.2 and in coordination with the Charlotte Mecklenburg Police Department, lawfully towed the illegally parked tractor-trailer from the subject real property.

96. On December 30, 2025, Ingrams provided Counterclaim Defendants with an invoice in the amount of $8,800.00, which included a towing fee of $8,500.00 for the labor and equipment necessary to tow the heavy-duty tractor-trailer, and $300.00 in storage charges.

97. The towing fee and storage charges are market rate charges for the towing and storing of a heavy-duty tractor trailer such as the one owned / leased by Counterclaim Defendants.

98. Counterclaim Defendants have failed and refused to pay Ingrams for the towing and storage charges.

99. Storage charges continue to accrue at a daily rate of $100 per unit.

### FIRST COUNTERCLAIM
### Enforcement of Possessory Lien Pursuant N.C.G.S. §44A-2

100. The allegations contained in paragraphs 1 - 99 herein are realleged and incorporated by reference.

101. Under the circumstances specified herein, Ingrams has a valid statutory possessory lien in the tractor-trailer for towing fees and storage fees (which continue to accrue daily) pursuant to N.C.G.S. §44-A-2.

102. Counterclaim Defendants have demanded return of the tractor-trailer citing the newly enacted N.C.G.S. §20-219.3A, purportedly for the proposition that it preempts N.C.G.S. §20-219.2., a claim which is without any legal basis or merit.

103. Counterclaim Defendants have failed and refused to pay Ingrams the storage and towing fees.

104. As required, Ingrams gave timely and proper notice of the unclaimed tractor-trailer to the North Carolina Division of Motor Vehicles ("NC DMV").

105. Pursuant to N.C.G.S.§ 44A-4(b), Ingrams filed a Notice of Intent to Sell the tractor-trailer with the NC DMV. Pursuant to statute, the NCDMV notified Counterclaim Defendants of Ingrams intent to sell the tractor-trailer.

106. Counterclaim Defendants failed to follow statutory procedures in requesting and procuring a judicial hearing to determine the validity of Ingram's storage and mechanic's lien.

107. Ingrams respectfully requests this Court to declare the lien for towing and storing charges (which continue to accrue daily) valid and enforceable by sale, and order the NCDMV to transfer title to the entity / person that purchases the tractor-trailer at the sale

**WHEREFORE,** Defendant and Counterclaim-Plaintiff respectfully requests that the Court enter judgment as follows:

1. That the Plaintiffs / Counterclaim Defendants' claims be dismissed with prejudice;

2. Declare that Defendant / Counterclaim-Plaintiff has a valid storage and mechanic's lien in the tractor-trailer pursuant to N.C.G.S.§ 44A-2;

3. Direct that Defendant / Counterclaim-Plaintiff's storage and mechanic's lien be enforced by public or private sale pursuant to N.C.G.S. § 44A-4;

4. Direct the North Carolina Division of Motor Vehicles to transfer title of the tractor-trailer to the purchaser of the tractor-trailer at the public or private sale.

5. Award Defendant / Counterclaim Plaintiff its reasonable attorney's fees, costs, and expenses as allowed by law, and such other further relief as this Court deems just and proper.

Dated this 7th day of April, 2026.

s/ *Carol L. Austin*_____
Carol L. Austin
NC Bar No.: 41080
C. L. Austin Law, PLLC
1300 Baxter Street, Suite 259
Charlotte, North Carolina 28204
Tel.: 704-595-3639
carol@claustinlaw.com

*Attorney for Defendant and Counterclaim Plaintiff*
Ingram's Towing Services, Inc.

## CERTIFICATE OF SERVICE

I, Carol L. Austin, hereby certify that on April 7, 2026, I electronically filed the foregoing Motion to Dismiss, Answer, Affirmative Defenses, and Counterclaim with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Cassie R. Zietlow
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
cassiezietlow@parkerpoe.com

Renee L. Bowen, Esq.
Bowen Law, LLC
100 West Road, Suite 300
Towson, Maryland 21204
rbowen@bowenlawllc.com

This the 7th day of April, 2026.

s/ *Carol L. Austin*
Carol L. Austin
NC Bar No.: 41080
C. L. Austin Law, PLLC
1300 Baxter Street, Suite 259
Charlotte, North Carolina 28204
Tel.: 704-595-3639
carol@claustinlaw.com

*Attorney for Defendant and
Counterclaim Plaintiff*
Ingram's Towing Services, Inc.



STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

**VERIFICATION**

WILLIAM INGRAM, under pain and penalty of perjury under the laws of the United States, avers that as Defendant herein he verifies that he has reviewed the foregoing document and that the allegations are true and correct to the best of his information, knowledge and belief.

By: _____
WILLIAM INGRAM

Witness my hand and official seal this the ___7th___ day of April, 2026.

_____
Official Signature of Notary

(Official Seal)

Vianne Saravana _____, Notary Public

My commission expires: 05/28/2029

VIANNE SARAVANA
NOTARY PUBLIC
Mecklenburg County
North Carolina
My Commission Expires May 28, 2029