# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

**Case No. 3:26-CV-00083-KDB-DCK**

TRIBE EXPRESS, INC.; TRIBE
LEASING LLC d/b/a CHEROKEE
NATIONAL; and TOMAHAWK TRUCK
SALES LLC,

        **Plaintiffs,**

    **v.**

INGRAM'S TOWING SERVICES, INC.,

        **Defendant.**

## <u>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Plaintiffs, Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC, by and through their undersigned counsel, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and to the extent that Defendant Ingram's Towing Services, Inc. ("Defendant") contends that the responses categorized within its answer as a "Motion to Dismiss" extend beyond language included merely to preserve and actually amounts to an active Motion to Dismiss[1], submit this Response in Opposition to Defendant's Motion to Dismiss, stating as follows:

FACTS

Plaintiffs filed their Complaint in this action on January 29, 2026 seeking damages in excess of $75,000. *See* ECF 1. On April 7, 2026, Defendant filed a "Motion to Dismiss, Verified

---

[1] Defendant has not filed a separate motion nor supporting brief as required by Local Rule 7.1.

Answer, Affirmative Defenses and Counterclaims". *See* ECF 14. The Motion to Dismiss portion of Defendant's pleading simply reads as follows:

MOTION TO DISMISS

Pursuant to the provisions of Rule 12(b)(1) (lack of subject matter jurisdiction) of the Federal Rules of Civil Procedure, the Defendant moves the Court to dismiss the Complaint.

MOTION TO DISMISS

Pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant moves the Court to dismiss the Complaint with prejudice for failure to state a claim for which relief can be granted.

*See* ECF 14. There is no argument made, law cited, or any other support for Defendant's "Motion to Dismiss". *See* ECF 14. Defendant's Answer contains affirmative defenses as follows:

FIRST AFFIRMATIVE DEFENSE
Failure to State a Claim

69. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
Lack of Subject Matter Jurisdiction

70. Plaintiffs fail to meet the "amount in controversy" requirement for federal diversity jurisdiction, and thus the Complaint should be dismissed with prejudice due to this Court's lack of subject matter jurisdiction.

*See* ECF 14. There is no other statement in Defendant's Motion to Dismiss or Answer related to Defendant's request for dismissal of Plaintiffs' Complaint. *See* ECF 14.

ARGUMENT

Rule 12(b) of the Federal Rules of Civil Procedure requires a motion to dismiss based on a lack of subject-matter jurisdiction or failure to state a claim upon which relief can be granted to be filed **before** filing an answer. *See* Fed. R. Civ. P. 12(b). Defendant did not file its Motion to Dismiss prior to filing an answer. Rather, Defendant simply included a heading of "Motion to

2

Dismiss" within Defendant's Answer. Defendant, by failing to file an actual motion before filing the answer, waived any defenses under Rule 12(b). Additionally, Defendant's attempt at a motion to dismiss does not comport with the requirements of Rule 7.1, and, as such, should not be considered or addressed by the Court. *See* LR 7.1(c)(1).

Setting aside the procedural failures, Defendant's Motion to Dismiss fails substantively. Defendant asserts lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted as the sole bases for seeking dismissal. *See* ECF 14. The only asserted basis for Defendant's request for dismissal based on lack of subject matter jurisdiction is contained in Defendant's Second Affirmative Defense, which states that "Plaintiffs fail to meet the 'amount in controversy' requirement for federal diversity jurisdiction…" *See* ECF at ¶ 70. This is simply false. The Complaint clearly and unequivocally states that the combined value of the tractor and trailer at issue in this case is approximately $125,000. *See* ECF 1 at ¶¶41-42. Plaintiffs also allege additional damages, including lost profits, loss of use, lost revenue, and other compensatory damages, further increasing the amount in controversy above and beyond the $125,000 value of Plaintiffs' equipment. *See* ECF 1. The face of the Complaint makes clear that the amount in controversy exceeds the $75,000 minimum for this Court's diversity jurisdiction. *See* ECF 1. Defendant's Motion to Dismiss for lack of subject matter jurisdiction therefore fails and must be denied.

Defendant's Motion to Dismiss similarly fails with respect to the alleged failure to state a claim. It is well settled that it is the movant who carries the burden of proof in a motion to dismiss for failure to state a claim. *See I R Const. Products Co., Inc. v. D.R. Allen & Son, Inc.*, 737 F.Supp. 895 (W.D.N.C. 1990). Defendant has simply made a conclusory statement in the Motion to Dismiss that Plaintiffs have failed to state a claim. *See* ECF 14. Defendant has failed to point to any

caselaw, make any argument, or otherwise provide any support for the conclusory statement that Plaintiffs' Complaint fails to state a claim on any of the counts in the Complaint. *See* ECF 14; ECF 1. Defendant's Motion to Dismiss for failure to state a claim therefore fails and must be denied.

<u>CONCLUSION</u>

Defendant's Motion to Dismiss is wholly unsupported by any fact, law, or argument. Plaintiff's Complaint, on its face, shows that this Court has diversity jurisdiction and that Plaintiffs have stated valid claims against Defendant as to each and every Count in the Complaint. Defendant's Motion to Dismiss must therefore be denied.

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss and award Plaintiffs any additional relief as the Court deems appropriate.

This 21st day of April, 2026.

/s/ Cassie R. Zietlow
Cassie R. Zietlow
N.C. State Bar No. 61189
PARKER POE ADAMS & BERNSTEIN LLP
620 S. Tryon St., Suite 800
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile:  704.334.4706
cassiezietlow@parkerpoe.com

Renee L. Bowen, Esq. (*admitted pro hac vice*)
Bowen Law, LLC
100 West Road, Suite 300
Towson, Maryland 2124
 (410) 357-6580
rbowen@bowenlawllc.com

*Attorneys for Plaintiffs Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC*

4

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies on this date that the foregoing **Response in Opposition to Defendant's Motion to Dismiss** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This 21st day of April, 2026.

/s/ *Cassie R. Zietlow*
Cassie R. Zietlow
N.C. State Bar No. 61189
PARKER POE ADAMS & BERNSTEIN LLP
620 S. Tryon St., Suite 800
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile: 704.334.4706
cassiezietlow@parkerpoe.com

Renee L. Bowen, Esq. (*admitted pro hac vice*)
Bowen Law, LLC
100 West Road, Suite 300
Towson, Maryland 2124
Telephone: (410) 357-6580
rbowen@bowenlawllc.com

*Attorneys for Plaintiffs Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC*