IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:26-CV-00083-KDB-DCK

TRIBE EXPRESS, INC.; TRIBE
LEASING LLC d/b/a CHEROKEE
NATIONAL; and TOMAHAWK TRUCK
SALES LLC,

        **Plaintiffs,**

    **v.**

INGRAM'S TOWING SERVICES, INC.,

        **Defendant.**

## ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiffs, Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC, by and through their undersigned counsel, submit this Answer to Defendant's Counterclaim, stating as follows[1]:

78.    This Paragraph contains an incorporation of the allegations from Defendant's Answer, to which no response is required. To the extent a response is required, Plaintiffs incorporate all allegations contained in their Complaint as if fully set forth herein.

79.    Plaintiffs admit that Defendant is a North Carolina corporation with a principal place of business at the address in the Counterclaim. Plaintiffs are without sufficient information to determine where Defendant primarily provides towing services and, as such, the remaining allegations in Paragraph 79 of Defendant's Counterclaim are denied.

---

[1] The paragraphs in this Answer are numbered to be consistent with the paragraph numbers in Defendant's Counterclaim. As Defendant's Counterclaim begins with paragraph 78, this Answer will begin with paragraph 78.

80. Plaintiffs admit the allegations in Paragraph 80 of Defendant's Counterclaim.

81. Plaintiffs admit the allegations in Paragraph 81 of Defendant's Counterclaim.

82. Plaintiffs admit the allegations in Paragraph 82 of Defendant's Counterclaim.

83. Plaintiffs incorporate all allegations contained in their Complaint and the preceding paragraphs as if fully set forth herein.

84. Plaintiffs admit the allegations in Paragraph 84 of Defendant's Counterclaim.

85. Plaintiffs admit the allegations in Paragraph 85 of Defendant's Counterclaim.

86. Plaintiffs incorporate all allegations contained in their Complaint and the preceding paragraphs as if fully set forth herein.

87. Plaintiffs admit the allegations in Paragraph 87 of Defendant's Counterclaim.

88. Plaintiffs admit the allegations in Paragraph 88 of Defendant's Counterclaim.

89. Plaintiffs admit the allegations in Paragraph 89 of Defendant's Counterclaim.

90. Plaintiffs admit the allegation in Paragraph 90 of Defendant's Counterclaim that a driver was operating the subject tractor trailer on the subject date. Plaintiffs deny the remaining allegations in Paragraph 90.

91. Plaintiffs deny the allegations in Paragraph 91 of Defendant's Counterclaim.

92. Plaintiffs deny the allegations in Paragraph 92 of Defendant's Counterclaim.

93. Plaintiffs deny the allegations in Paragraph 93 of Defendant's Counterclaim.

94. Plaintiffs deny the allegations in Paragraph 94 of Defendant's Counterclaim.

95. Plaintiffs admit the allegation that Defendant towed the tractor-trailer and deny the remaining allegations in Paragraph 95 of Defendant's Counterclaim.

96. Plaintiffs admit the allegation that Defendant issued an invoice and deny the remaining allegations in Paragraph 96 of Defendant's Counterclaim.

97. Plaintiffs deny the allegations in Paragraph 97 of Defendant's Counterclaim.

98. Plaintiffs admit the allegation in Paragraph 98 that they have not paid the invoice. In further answering, Plaintiffs deny that they owe any payment on the invoice, as Defendant illegally towed the equipment and Defendant is continuing to hold Plaintiffs' equipment in violation of all applicable law.

99. Plaintiffs deny the allegations in Paragraph 99 of Defendant's Counterclaim.

100. Plaintiffs incorporate all allegations contained in their Complaint and the preceding paragraphs as if fully set forth herein.

101. Plaintiffs deny the allegations in Paragraph 101 of Defendant's Counterclaim.

102. Plaintiffs admit that they have repeatedly demanded return of their property and deny the remining allegations in Paragraph 102 of Defendant's Counterclaim.

103. Plaintiffs admit the allegation in Paragraph 103 that they have not paid the invoice. In further answering, Plaintiffs deny that they owe any payment on the invoice, as Defendant illegally towed the equipment and Defendant is continuing to hold Plaintiffs' equipment in violation of all applicable law.

104. Plaintiffs deny the allegations in Paragraph 104 of Defendant's Counterclaim.

105. Plaintiffs deny the allegations in Paragraph 105 of Defendant's Counterclaim.

106. Plaintiffs deny the allegations in Paragraph 106 of Defendant's Counterclaim.

107. Plaintiffs deny the allegations in Paragraph 107 of Defendant's Counterclaim.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

108. Defendant's Counterclaim fails to state a claim upon which relief can be granted.

Second Affirmative Defense

109.     Defendant's Counterclaim is barred by the doctrine of unclean hands.

Third Affirmative Defense

110.     Defendant's Counterclaim is barred by illegality.

Fourth Affirmative Defense

111.     Defendant's Counterclaim is barred by the doctrine of estoppel.

Fifth Affirmative Defense

112.     Defendant's Counterclaim is barred by waiver.

Wherefore, Plaintiffs, Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC, respectfully request that Defendant's Counterclaim be dismissed, that judgment be entered in favor of Plaintiffs on Defendant's Counterclaim, that Plaintiffs be awarded all attorneys' fees and costs associated with this action, and that the Court award Plaintiffs any additional and further relief as the nature of their cause requires.

This 28th day of April, 2026.

/s/ *Cassie R. Zietlow*
Cassie R. Zietlow
N.C. State Bar No. 61189
PARKER POE ADAMS & BERNSTEIN LLP
620 S. Tryon St., Suite 800
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile: 704.334.4706
cassiezietlow@parkerpoe.com

4

Renee L. Bowen, Esq. (*admitted pro hac vice*)
BOWEN LAW, LLC
100 West Road, Suite 300
Towson, Maryland 2124
 Telephone: 410-357-6580
rbowen@bowenlawllc.com

*Attorneys for Plaintiffs Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC*

5

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies on this date that the foregoing **Answer to Defendant's Counterclaim** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system.

This 28th day of April, 2026.

/s/ *Cassie R. Zietlow*
Cassie R. Zietlow
N.C. State Bar No. 61189
PARKER POE ADAMS & BERNSTEIN LLP
620 S. Tryon St., Suite 800
Charlotte, North Carolina 28202
Telephone: 704.372.9000
Facsimile: 704.334.4706
cassiezietlow@parkerpoe.com

Renee L. Bowen, Esq. (*admitted pro hac vice*)
BOWEN LAW, LLC
100 West Road, Suite 300
Towson, Maryland 2124
Telephone: 410-357-6580
rbowen@bowenlawllc.com

*Attorneys for Plaintiffs Tribe Express, Inc., Tribe Leasing LLC d/b/a Cherokee National, and Tomahawk Truck Sales LLC*

6